¹GUAM LEGAL SERVICES CORPORATION
DISABILITY LAW CENTER
113 Bradley Place
Hagåtña, Guam 96910
Telephone No.: (671) 477-9811
Facsimile No.: (671) 477-1320

*Counsel for Plaintiff*

RECEIVED
10:38am
MAY 02 2018
CLERK'S OFFICE
SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2018 MAY 14 PM 1: 17

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| REBECCA ACOSTA FERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND SAN NICOLAS FERNANDEZ,<br><br>Defendant. | Domestic Case No.: DM0621-16<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

## INTRODUCTION¹

This matter came before the Honorable Elyze M. Iriarte on April 25, 2018 for a bench trial

upon the request of REBECCA ACOSTA FERNANDEZ ("Plaintiff") for a divorce and an award

of sole legal and physical custody over the parties' minor child. James F. Baldwin, Staff Attorney

for Guam Legal Services Corporation-Disability Law Center, represented Plaintiff. RAYMOND

SAN NICOLAS FERNANDEZ ("Defendant") represented himself *pro se*. Having duly

considered the arguments, oral testimony and evidence received by the Court and applicable law,

the Court now issues the following Findings of Fact and Conclusions of Law.

## BACKGROUND

This matter arises out of a Complaint for Divorce filed by Plaintiff on December 16, 2016.

---

¹ Plaintiff and Defendant are collectively referred to as "the parties" throughout these Findings of Fact and
Conclusions of Law.

## ORIGINAL

Plaintiff requested, *inter alia*, that she granted sole legal and physical custody of the parties' two minor children, R.N.F. and R.M.F. (Pl. Complaint at IV and VI). R.N.F. reached the age of majority prior to the bench trial in this matter.

The Court ordered that a Custody Study be completed by the Department of Public Health and Social Services ("DPHSS") to assist the Court in making a determination concerning custody of the parties' minor children pursuant to an Order Re: Custody Study filed on November 6, 2017. The Court received the Custody Study on February 12, 2018.

On April 25, 2018, the Court held a bench trial and received evidence on the divorce, including the issue of custody of R.M.F. Defendant, who had previously appeared *pro se* telephonically at the Scheduling Conference in this matter held on August 9, 2017, failed to appear telephonically at the bench trial. At the close of the bench trial, the Court instructed Plaintiff's counsel to submit proposed findings of fact and conclusions of law by May 2, 2018 and ordered that any replies be lodged by May 9, 2018.

## FINDINGS OF FACT[2]

By a preponderance of evidence, the Court makes the following findings of fact:

1.      Plaintiff and Defendant, RAYMOND SAN NICOLAS FERNANDEZ, were married on June 21, 1997 in Guam and separated on April 28, 2016.

2.      Plaintiff has been a resident of Guam for more than ninety (90) days prior to the filing of the Complaint for Divorce.

3.      Plaintiff and Defendant, RAYMOND SAN NICOLAS FERNANDEZ, are the parents of RYAN MICHAEL FERNANDEZ (the "Minor"), who was born on February 21, 2010

---

[2] Placement of a fact under a particular section herein is not controlling; a finding of fact may state legal conclusions and a conclusion of law may include statements of fact.

4.     The Minor currently resides in Guam with Plaintiff.

5.     Since the parties' separation, Plaintiff has been primarily responsible for R.M.F.'s moral, physical, mental and educational needs.

6.     Plaintiff is seeking sole legal and physical custody of R.M.F.

7.     Plaintiff is a fit parent with sufficient ability, time, and temperament to adequately care and accommodate the moral, physical, mental and educational needs of R.M.F.

8.     Plaintiff has a residence that is sufficient to accommodate the needs of R.M.F.

9.     DPHSS was unable to conduct an assessment of the health and safety of Defendant's residence, as Defendant resides outside of Guam.

10.    The Custody Study completed by Pamela Brewster of DPHSS stated that Plaintiff "appears to be suitable in providing for [R.M.F's] overall welfare" and that "it appears to be in the best interest of [R.M.F.] that he remains with his mother based on the gravity of the past occurrences involving [Defendant's] actions toward [Plaintiff]." (Custody Report at 13, February 12, 2018).

11.    The Custody Study also states that "[R.M.F.] is aware of his father's arrest" and that he "appears to have some understanding of the custody situation between his parents, as he was expressive about his wishes to remain living with his mother." (Custody Study at 3, February 12, 2018).

12.    Defendant did not present any evidence to support any type of custody arrangement and did not appear at the bench trial. Defendant filed a responsive pleading on June 23, 2017 and appeared telephonically at the Scheduling Conference in this matter held on August 9, 2017, at which the trial date of April 25, 2018 was confirmed and a Status Conference was set for November 1, 2017 at 9:30 a.m. The Court found that in addition to the foregoing, the Scheduling Order field

on August 31, 2017 in this matter outlined the deadlines in this matter and the date of the trial. As a result, the Court held that Defendant was aware of the trial date and failed to appear.

13. Plaintiff's maiden name is REBECCA ANN ACOSTA.

14. As well as Plaintiff being subjected to verbal and physical abuse by Defendant, Plaintiff was the victim of family violence committed by Defendant, which resulted in the issuance of a Permanent Civil Order of Protection Pursuant to §13-14-106, C.R.S. on May 16, 2016 by Judge Jayne Candea-Ramsey of the County Court for El Paso County, Colorado in Case No. CO212016C 001731, which Order of Protection was registered in Guam pursuant to a Notice of Registration of Protection Order in Superior Court of Guam Case No. FO005-16 filed on December 22, 2016.

15. The parties' community property consists of:

a. house and lot located at 3764 Saguaro Cir, Colorado Springs, Colorado subject to the results of a foreclosure initiated by the mortgagee, Pacific Union Financial
b. household possessions, financial records and other items contained within storage unit number G-0087 6372 at American Mini Storage, 74 North Amherst Street, Colorado Springs, Colorado 80911.
c. clothing and other personal items in the possession of each of the parties.

16. The parties' community debt consists of:

a. Military Star Card Account no. xxxx-xxxx-xxxx-0439;
b. Pentagon Federal Credit Union Visa credit card no. xxxx-xxxx-xxxx-1228;
c. Pentagon Federal Credit Union overdraft fee;
d. Pacific Union Financial mortgage and deficiency owed after foreclosure;
e. Lowe's Credit Card no. 819 2406 260264 4;
f. Bank of America credit card no. xxxx-xxxx-xxxx-4049;
g. Synchrony Financial credit card no. xxxx-xxxx-xxxx-6222;
h. Synchrony Financial credit card no. xxxx-xxxx-xxxx-4496;
i. Synchrony Financial credit card no. xxxx-xxxx-xxxx-2644;
j. Andrews Federal Credit Union credit card no. xxxx-xxxx-xxxx-9491; and
k. USAA Credit card no. xxxx-xxxx-xxxx-9309.

17. Plaintiff is gainfully employed and is able to provide a loving and fit home for the

parties' minor child.

18.     Defendant has not made any effort to contact the parties' minor child since February 2017.

## CONCLUSIONS OF LAW

The Court now issues the following conclusions of law on the matter:

1.     When there is "at issues a dispute as to the custody of a minor child, the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 G.C.A. §8404.

2.     In determining what is necessary or proper, the Court considers, first and foremost, "the best interest of the child," and also evidence relevant to the various factors enumerated in 19 G.C.A. §8404(a)(8). See Howerton v. Howerton, 2004 Guam 8 ¶ 24 (finding that the factors provide "guidance" even when the parents share custody); Lanser v. Lanser, 2003 Guam 14 ¶¶ 8,16.

3.     In considering the best interest of a child, there is a preference for joint custody. Flores v. Cruz, 1998 Guam 30 ¶ 11 ("[T]he legislature [has an] underlying policy that whenever possible, the sanctity of family life shall be preserved by the inclusion of both parents in the lives of the children."). Joint custody has been clarified by the Supreme Court of Guam ("Supreme Court") as being comprised on both legal custody and physical custody. Howerton, 2004 Guam 8 ¶ 11 (citations omitted).

4.     The Supreme Court defines joint legal custody as, "the right and obligation to make long range decisions involving the education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare," and joint physical custody

as "the right and obligation to provide a home for the child and to make the day-to-day decisions required during the time the child is actually with the parent having custody." Id. at ¶¶ 12-13 (citations omitted).

5. When considering a deviation from an equal time division when sole physical custody is ordered, the Court "is to consider the following factors, which are part and parcel of a finding regarding the child's best interests: the child's welfare, the parents' willingness to accept visitation, the parents' fitness, the child's schooling, the parents' jobs and the child's extra-curricular activities." Id. at 25.

6. The Court shall also consider the wishes of the minor child if the child "is of sufficient age and capacity to reason, so as to form an intelligent preference." 19 G.C.A. §8404(a)(3).

7. Based on the facts determined above and the Custody Study completed by DPHSS, it is in the child's best interest for Plaintiff to have sole legal and physical custody of R.M.F. with Defendant having reasonable visitation after applying the factors set forth in 19 G.C.A. §8404(a)(12). Such an arrangement would provide a stable and familiar environment for R.M.F., which would be in the child's best interest, and consistent with the child's wishes.

8. As the Court finds that Defendant has committed acts of family violence against Plaintiff, the Court "shall consider as primary the safety and well-being of the child(ren) and of a parent or guardian who is the victim of family violence." 19 G.C.A. §8404(a)(12).

/ /

/ /

# CONCLUSION

In accordance with these Findings of Fact and Conclusions of Law, the Court **ORDERS** that Plaintiff have sole legal and physical custody of R.M.F. with Defendant having reasonable visitation.

The Court is mindful of countervailing interests that require this Court, in its discretion, to make additional determinations in furtherance of the best interest of the minor child. Pursuant to 19 G.C.A. §8404(a), the Court **FURTHER ORDERS** the following:

a. The Court enjoins each parent from making any negative or disparaging remarks about the other parent or allowing any third party to do so in the presence of R.M.T.

b. Neither party shall discuss custody or court-related issues around R.M.F. unless directed to do so by the Court.

c. Neither party shall be intoxicated or under the influence of illegal substances or alcohol while caretaking for R.M.F.

d. The child shall not be exposed to second-hand smoke while in the presence of either party.

All orders concerning child custody and visitation remain subject to modification during the minority of R.M.F. See 19 G.C.A. §8404.

The community property is hereby divided equally between the parties. 19 G.C.A. §8411(b).

The parties shall remain equally liable for the community debts of the parties.

/ /

/ /

All debts incurred after the separation of the parties on April 28, 2016 shall be the separate debt of the party incurring it, and such party shall indemnify and hold the other party harmless thereon.

IT IS SO ORDERED on this 14th day of May, 2018.

_____
HONORABLE ELYZE M. IRIARTE
Judge, Superior Court of Guam

Submitted by:
GUAM LEGAL SERVICES CORPORATION
DISABILITY LAW CENTER
*Counsel for Plaintiff*

By:_____
JAMES F. BALDWIN
Staff Attorney

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of.
Gi LSC
5/14/18 2pm